UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CATHERINE SABRA TURPEN,

    Plaintiff,

v.                                                           Case No. 8:20-cv-1996-SPF

KILOLO KIJAKAZI,
Commissioner of the Social
Security Administration,[1]

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claim for Disability Insurance Benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

    **I.**     **Procedural Background**

Plaintiff filed an application for DIB (Tr. 446-47).[2] The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 362, 373). Plaintiff then requested an administrative hearing (Tr. 399-400). Per Plaintiff's request, the ALJ held a

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and is substituted as Defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Plaintiff also applied for Supplemental Security Income ("SSI"), and the agency denied that application (Tr. 374-78). Here, Plaintiff appeals the denial of her DIB claim only (*see* Doc. 22 at 2).

hearing at which Plaintiff appeared and testified (Tr. 46-78). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 29-45). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–9). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1965, claimed disability beginning November 1, 2008 (Tr. 32). Plaintiff graduated from high school and completed two years of college (Tr. 56-57). Plaintiff has past relevant work as a personnel scheduler at a hospital (Tr. 57). Plaintiff alleged disability during the relevant period (her alleged onset date of November 1, 2008, through her date last insured ("DLI") of September 30, 2011) due to cognitive impairments and severe anxiety disorder (Tr. 36). In November 2016 – over five years after her DLI – Plaintiff was diagnosed with dementia, and by February 2018, had early onset Alzheimer's disease (*see* Tr. 696, 954). As a result, the ALJ asked Plaintiff's husband to appear and testify at the hearing along with Plaintiff, who opted to proceed without a legal representative (Tr. 48-50).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity between November 1, 2008, and September 30, 2011 (Tr. 34). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the severe impairments of anxiety disorder and depression during the relevant period (*Id.*). Notwithstanding the noted impairments, the ALJ determined

Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 35). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform a full range of work at all exertional levels with these nonexertional limitations: "[She] could understand, remember, and carry out simple one and two step tasks but not at an assembly line rate. She could make simple work-related decisions and she could have occasional changes in the work setting." (Tr. 36). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 37).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff has past relevant work as a personnel scheduler (Tr. 38). Given Plaintiff's background and RFC, the VE testified that during the relevant period Plaintiff could perform other jobs existing in significant numbers in the national economy, such as laundry folder, cleaner, and ticket seller (Tr. 39). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 40).

### III. Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically

3

determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**IV.   Analysis**

Citing no legal or factual authority, Plaintiff argues that the ALJ (1) should have identified her disability onset date to be as early as 2003, and (2) did not support his

decision with substantial evidence (Doc. 22). For the following reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

### A. Onset date

In a one-paragraph argument, Plaintiff contends the ALJ improperly identified her alleged disability onset date as November 1, 2008, rather than a date in 2003 (when she first was diagnosed with anxiety) or in 2007 (when depression was added to her diagnosis) (Doc. 22 at 5-6). The Commissioner points out that the ALJ considered Plaintiff's medical history dating back to November 2007 (the date of the earliest record before the ALJ, *see* Tr. 861-66), and adopted the onset date Plaintiff herself alleged, November 1, 2008 (*Id*. at 6-8).

The Social Security Regulations provide different guidelines for determining a claimant's disability onset date depending on whether a claimant is eligible for SSI or DIB. For SSI eligibility, onset will be established as of the date the claimant filed the application. 20 C.F.R. § 416.335. In contrast, to be entitled to DIB benefits, Plaintiff must establish that she became disabled on or prior to her DLI, which in this case is September 30, 2011. 20 C.F.R. §§ 404.131, 404.315. So, if Plaintiff became disabled after her insured status expired in September 2011 (even if prior to the ALJ's November 1, 2019 decision), then her DIB claim must be denied, despite her disability.[3] In other words, to be entitled to DIB benefits Plaintiff must establish that she was disabled prior to September 30, 2011 for

---

[3] Under Social Security Ruling 83-20, a DIB applicant cannot be found disabled under the Act unless insured status is also met at a time when the evidence establishes the presence of a disabling condition. *See* SSR 83-20, 1983 WL 31259, at *1; 20 C.F.R. §§ 404.131, 404.315.

the Court to consider an earlier onset date. *See Thompson v. Comm'r of Soc. Sec.*, No. 6:11-cv-1779-Orl-28DAB, 2012 WL 6721035, at * 1 (M.D. Fla. Dec. 7, 2012).

Social Security Ruling 83-20 defines the onset date as "the first day an individual is disabled as defined in the Act and the regulations." SSR 83-20, 1983 WL 31259, at *1. But "[t]he plain language of SSR 83-20 indicates that it is applicable only after there has been a finding of disability and it is then necessary to determine when the disability began." *Caces v. Comm'r of Soc. Sec.*, 560 F. App'x 936, 939 (11th Cir. 2014) (citation omitted). In the typical case where a claimant challenges his or her onset date, the claimant disputes an ALJ's determination that he or she was disabled as of a certain date but not before. *Id.*; *see also March v. Massanari*, No. 00-16577, 265 F.3d 1065 (Table) (11th Cir. Jul. 10, 2001); *Coleman v. Colvin*, No. 8:14-cv-741-T-MAP, 2016 WL 7334640, at *3 (M.D. Fla. Jan. 11, 2016); *Gregory v. Astrue*, No. 5:09-cv-517-Oc-TEM, 2011 WL 1100292, at *6 (M.D. Fla. Mar. 23, 2011).

This is not a typical case, because here the ALJ found Plaintiff not disabled (Tr. 40). Although Plaintiff contends the ALJ should have reached back to 2003, when she was first diagnosed with anxiety, to determine her onset date, she does not point to any relevant evidence suggesting that the ALJ's finding that Plaintiff was not disabled by her DLI is unsupported by substantial evidence (Doc. 20 at 5-6).[4] And in fact, when Plaintiff

---

[4] The Eleventh Circuit has "long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sappupo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). For this reason alone, Plaintiff's argument fails. *See Armstrong v. Jones*, No. 16-cv-14276-ROSENBERG, 2018 WL 11246687, at *6 (S.D. Fla. June 8, 2018) ("A district court cannot be expected to do a petitioner's work for him."), *report and recommendation adopted*, 2018 WL 11246685 (S.D. Fla. July 13, 2018); *Chavez v. Sec'y Fla.*

7

filed her DIB application in November 2017, she alleged an onset date of November 30, 2015 (Tr. 446), which she later amended to November 1, 2008 (Tr. 516).  At no point after amending her onset date, including during the hearing before the ALJ, did Plaintiff or her husband allege her disability began earlier.

Plaintiff submitted medical records to the Appeals Council from a primary care doctor at Olathe Medical Center in Kansas, where she lived at the time, from 2001 to early 2007 (Tr. 323-55).  These records showed normal findings and routine treatment, including a Paxil prescription for depression (*Id.*).  More importantly, however, these records were not before the ALJ, and Plaintiff has not challenged the Appeals Council's decision to deny review of her DIB application.[5] *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1266 (11th Cir. 2007) ("[W]hen a claimant challenges the [ALJ]'s decision to deny benefits, but not the decision of the Appeals Council to deny review of the [ALJ], we need not consider evidence submitted to the Appeals Council.") (citing *Falge v. Apfel*, 150 F.3d 1320 (11th Cir. 1998)).  The earliest medical record before the ALJ is a note from a November 12, 2007 well appointment that indicates Plaintiff was treated for depression

---

*Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (stating that "district court judges are not required to ferret out delectable facts buried in a massive record").

[5] When a claimant appeals an ALJ's decision to the Appeals Council, "[t]he Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Ingram*, 496 F.3d at 1261 (internal quotation and citation omitted); *see* 20 C.F.R. § 404.970(a)(5).  Here, the Appeals Council considered the additional evidence from Olathe Medical Center, which Plaintiff submitted after the ALJ's decision, and concluded it "does not show a reasonable probability that it would change the outcome of the decision." (Tr. 2).

and anxiety with Wellbutrin, and her symptoms were improving (Tr. 861-66).  On this record, Plaintiff's first argument fails.

### B.  Substantial evidence

In another one-paragraph argument devoid of factual and legal citations, Plaintiff makes what amounts to the converse argument to her plea for a 2003 onset date.  She mentions a 2019 letter by neurologist Katherine Standley, D.O. that, according to Plaintiff, pulls the substantial evidence rug out from under the ALJ's decision (*Id*. at 8-9).  Dr. Standley penned two letters on Plaintiff's behalf, one dated August 26, 2019 (Tr. 86) and the other undated (Tr. 85).  In her letters, she stresses Plaintiff's Alzheimer's diagnosis, "which should automatically make her eligible for disability benefits." (Tr. 85).  The Court's review of Dr. Standley's treatment records shows she began treating Plaintiff in November 2016.  Dr. Standley initially diagnosed Plaintiff with a mild cognitive impairment (Tr. 242-46), but in February 2018 determined that her EEG and other neurocognitive test results were "suggestive of possible Alzheimer's disease." (Tr. 185).

Dr. Standley's letters and treatment notes were not before the ALJ.  Plaintiff submitted them for the first time to the Appeals Council, which denied review of the ALJ's decision (Tr. 1-9).  Plaintiff does not challenge the Appeals Council's denial in her appeal to this Court, waiving her argument that Dr. Standley's letters were new, material, and posed a reasonable possibility of changing the administrative outcome.  *See Ingram*, 496 F.3d at 1266.  Second, even if Dr. Standley's records were before the ALJ, they do not address the period at issue, which ended in September 2011.  Although Dr. Standley suggests that Plaintiff's listing-level impairment existed before their treating relationship

9

began in 2016, there is no medical evidence of this or that Dr. Standley was treating Plaintiff on or before her DLI. Alzheimer's is a progressive disease – and no one disputes Plaintiff's diagnosis – but Plaintiff points to no record evidence that she had disabling cognitive decline during the relevant period. In fact, Plaintiff does not cite to any specific factual or legal authority to support her argument at all. *See Jackson v. Comm'r of Soc. Sec.*, 779 F. App'x 681, 684 (11th Cir. 2019) ("By failing to specify which aspect of the ALJ's decision was incorrect or unsupported by substantial evidence, Jackson has abandoned any challenge to the factual accuracy of the ALJ's conclusion.") (citing *Sappupo*, 739 F.3d at 680). As explained above, to be eligible for DIB, Plaintiff must prove that she became disabled before her DLI. *See* 20 C.F.R. §§ 404.101, 130, 131. On this record, Plaintiff's second argument fails.[6]

## V. Conclusion

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

---

[6] The undersigned reiterates that, when reviewing an ALJ's decision, the Court's job is to determine whether the administrative record contains enough evidence to support the ALJ's factual findings. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, ___ U.S. ___; 139 S.Ct. 1148, 1154 (2019). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Id.* In other words, the Court is not permitted to reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**ORDERED** in Tampa, Florida, on March 8th, 2022.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE